I dissent based upon two concerns. First, it is clear that the appellant has received ineffective assistance of appellate counsel, notwithstanding the majority's willingness to address the appropriate statute "in the interest of justice." Furthermore, I find the absence of expert testimony under these facts, i.e. no prior sexually oriented offenses and a minimal criminal history, to be troublesome. As the Supreme Court in Eppinger, supra at 162-163 stated:
 This court has already recognized that these requirements have grave consequences. "At a sexual offender classification hearing, decisions are made regarding classification, registration, and notification that will have profound impact on a defendant's life." State v. Gowdy (2000), 88 Ohio St.3d 387, 398, 727 N.E.2d 579, 589.
 We noted in Gowdy the danger of making the sexual offender classification hearing perfunctory in nature, which would deny defendant the rights guaranteed him under the statute. Id. at 398, 727 N.E.2d at 589. So, too, would denying an indigent defendant, under these circumstances, the "opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09(B)(1).
 In some instances, offenders will have several sexually oriented convictions, or will clearly fit a variety of the factors listed in R.C. 2950.09(B)(2)(a) through (j). An offender who preys on children, for example, may fit the pedophile profile, a class of sex offenders known for their especially high rate of recidivism. There may be sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing with respect to the R.C. 2950.09(B)(2) factors as they relate to the likelihood of reoffending. In those situations, appointment of an expert for an indigent offender may be unwarranted. But a person who has been convicted of or who has pled guilty to committing one sexually oriented offense is not necessarily likely to engage in the future in one or more sexually oriented offenses, particularly if the offender is not a pedophile. Thus, we recognize that one sexually oriented conviction, without more, may not predict future behavior. Therefore, the appointment of an expert may be warranted to aid the trial court in determining the likelihood of recidivism.
 We disagree with the court of appeals that such an appointment is mandatory. Instead, we hold that an expert witness shall be provided to an indigent defendant at an R.C. 2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E). Compare State v. Esparza (1988), 39 Ohio St.3d 8, 529 N.E.2d 192, syllabus (trial court in capital sentencing phase must provide mental health expert for indigent defendant only if court determines, in its discretion, that expert is "reasonably necessary").
* * *
 Because this defendant had been convicted of only one sexually oriented offense, a psychiatric or psychological expert or other expert in the science of predicting human sexual behavior was reasonably necessary to aid in determining whether the defendant is likely to engage in one or more sexually oriented offenses in the future.
Based upon the foregoing discussion in Eppinger, I respectfully dissent.